UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

ANGEL ORTIZ,                                  Case No. 9:22-cv-81095
                                                            Lower court # 502022CA006881XXXXMB
         Plaintiff,

v.

WEST PALM BEACH POLICE DEPARTMENT,

         Defendant.
_____/

### DEFNDANT's MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW the Defendant, WEST PALM BEACH POLICE DEPARTMENT ("WPB Police Department"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby files this Motion to Dismiss the Complaint of the Plaintiff, ANGEL ORTIZ ("Ortiz"), and states:

### Introduction and Factual Background

1. This is a Motion to Dismiss with prejudice the four-sentence Complaint Ortiz filed against the City, a copy of which is attached hereto as **Exhibit A**. In the Complaint, Ortiz alleges only the following:

> I was unlawfully arrested/detained, unlawfully searched and seized of my person, unlawfully searched and seizure of my vehicle and unlawfully I.D. by the West Palm Beach Police Department officers. Had a taser pointed at me. They violated my 4th and 14th Amendment of my constitutional rights.
>
> Suffered physical pain and suffering
> Mental and emotional distress.

Compl. at Ex. A.

2. Nowhere in the Complaint does Ortiz state, mention, or cite to 42 U.S.C. § 1983.

**Memorandum of Law**

This Court should grant this Motion to Dismiss and dismiss Ortiz's Complaint with prejudice because:

- The WPB Police Department is not a proper entity for suit because it does not have the capacity to sue and be sued; rather, the City of West Palm Beach is the proper entity for suit, as a municipality—and not one of its departments—is the properly named party; and

- Ortiz's Complaint is nothing more than bare legal conclusions that utterly fail to state a well-pleaded cause of action plausibly suggesting an entitlement to relief; and

- Ortiz failed to plead his alleged federal constitutional violations under 42 U.S.C. § 1983, which is the procedural mechanism for a civil action involving the alleged violation of constitutional rights.

Accordingly, for these aforementioned reasons, as articulated further below, this Court should dismiss Ortiz's Complaint with prejudice.

**I. Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In interpreting this pleading standard, the U.S. Supreme Court has explained that detailed factual allegations are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). It is not necessary that the complaint

demonstrate that the defendant's liability is more probable than not; nevertheless, "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing a motion to dismiss, the court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam). Furthermore, courts are generally limited to reviewing what is within the four corners of the complaint and any documents attached thereto on a motion to dismiss under Rule 12(b)(6). *See Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007); Fed. R. Civ. P. 12(d).

### II. The Court Should Dismiss Ortiz's Complaint Because the WPB Police Department is Not a Proper Entity for Suit.

The WPB Police Department—as a mere department of the City of West Palm Beach and not a legal entity in and of itself—is not a proper entity for suit because it does not have the capacity to sue and be sued. *See Florida City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. 3d DCA 1995). More specifically, "Florida has examined the question as to the correct party in interest as it pertains to police departments and found the city or municipal corporation to be the proper party." *Mann v. Hillsborough Cnty. Sheriff's Office*, 946 F. Supp. 962, 970 (M.D. Fla. 1996). Unlike police departments, which are "an integral part of the city government as the vehicle through which the city government fulfills its policing functions," municipalities do have the power to sue and be sued. *Corcoran*, 661 So. 2d at 410 (quoting *Eddy v. City of Miami*, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989)).

In this case, the Ortiz's Complaint improperly seeks relief from the WPB Police Department—not the City of West Palm Beach. Yet, as stated, the Police Department does not have a legal existence separate and apart from the City itself, and does not have the power to sue

or be sued. *See Corcoran*, 661 So. 2d at 410. Rather, the proper entity to seek relief against for the conduct of the WPB Police Department is the City of West Palm Beach.

Accordingly, the Complaint fails to state a cause of action against a proper Defendant, and, therefore, the Court should dismiss it with prejudice.

### III. The Court Should Dismiss Ortiz's Complaint Because it Fails to State of Cause of Action Plausibly Suggesting Entitlement to Relief.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court should dismiss the Complaint with prejudice for failure to state a cause of action. This is because, in the Complaint, Ortiz failed to state well-pleaded factual allegations plausibly suggesting an entitlement to relief.

Specifically, to survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In interpreting this pleading standard, the U.S. Supreme Court has explained that detailed factual allegations are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). It is not necessary that the complaint demonstrate that the defendant's liability is more probable than not; nevertheless, "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). Indeed, "bare assertions" that amount to nothing more than a "formulaic recitation of the elements" of a claim are not sufficient. *Id.*

In this case, the Complaint is nothing more than a four-sentence bare assertion that the WPB Police Department somehow violated Ortiz's constitutional rights and, as such, he is

entitled to relief. Ortiz provides no short and plain statement of factual allegations suggesting entitlement to relief. Rather, all Ortiz provides are mere legal conclusions—without factual predicate—that the WPB Police Department has, in some way, violated his constitutional rights under the Fourth and Fourteenth Amendments. Indeed, nowhere does Ortiz articulate a factual or legal claim showing plausible entitlement to relief. Ortiz's Complaint simply does not satisfy the pleading requirements provided by the U.S. Supreme Court, requiring its dismissal with prejudice.

Accordingly, pursuant to Rule 12(b)(6), this Court should conclude that the Complaint fails to set forth a cause of action and dismiss the Complaint with prejudice.

### IV. The Court Should Dismiss Ortiz's Complaint Because he Alleges Federal Constitutional Violations Without Citing to (Or Even Mentioning) 42 U.S.C. § 1983.

"Under 42 U.S.C. § 1983, an aggrieved party may seek a remedy against government officials for the violation of her constitutional rights in a suit for damages." *Bates v. Harvey*, 518 F.3d 1233, 1241-42 (11th Cir. 2008) (citing *Wilson v. Layne*, 526 U.S. 603, 609 (1999)). The U.S. Supreme Court extended liability under § 1983 to municipalities and other local governmental units for their deprivation of constitutional rights. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690-91 (1978).

Further, the purpose of section 1983 is to offer the *exclusive* monetary redress for constitutional violations, as in many situations, "an action for damages may offer the only realistic avenue for vindication of constitutional guarantees." *Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982). Hence, in the context of a federal constitutional violation, to receive monetary redress for such constitutional violation, a plaintiff must bring a cause of action pursuant to section 1983. *See, e.g.*, *Johnson v. Wright*, 423 F. Supp. 2d 1242, 1246 (M.D. Ala. 2005)

("Several of the claims allege violations of Plaintiff's rights under the United States Constitution. These claims are brought pursuant to 42 U.S.C. § 1983.").

In this case, the Court should dismiss Ortiz's Complaint because Ortiz fails to bring a cause of action under section 1983. Specifically, in Ortiz's Complaint, he alleges that: "They violated my 4th and 14th Amendment of my constitutional rights." Comp. at Ex. A hereto. However, throughout the four-sentence Complaint, Ortiz fails to raise a claim pursuant to section 1983 for his alleged deprivation of constitutional rights. In fact, in the Complaint, Ortiz neither cites nor even mentions 42 U.S.C. § 1983. This is categorically incorrect and necessitates dismissal of Ortiz's Complaint with prejudice.

Accordingly, because Ortiz fails to bring a section 1983 claim for his alleged deprivation of constitutional rights under the Fourth Amendment and Fourteenth Amendments, this Court should dismiss Ortiz's Complaint with prejudice.

## Conclusion

This Court should grant this Motion to Dismiss and dismiss Ortiz's Complaint with prejudice because: (1) the WPB Police Department is not a proper entity to be sued; (2) Ortiz failed to state a cause of action plausibly suggesting entitlement to relief; and (3) in the Complaint in which Ortiz alleges a deprivation of constitutional rights, Ortiz fails to cite or even mention 42 U.S.C. § 1983.

WHEREFORE, for the aforementioned reasons, the Defendant, WEST PALM BEACH PALM BEACH POLICE DEPARTMENT, respectfully moves this Court to enter an Order dismissing the Complaint with prejudice, and granting any further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was sent via electronic filing, on this 27th day of July 2022, to the following: Angel Ortiz, 800 Ridgewood Dr., West Palm Beach, FL 33405.

> OFFICE OF THE CITY ATTORNEY
> CITY OF WEST PALM BEACH
> 401 Clematis Street, Fifth Floor
> West Palm Beach, FL 33401
> (561) 822-1353 (telephone)
> (561) 822-1373 (facsimile)
> By: /s/ *Anthony M. Stella*
> Anthony M. Stella, Esq.
> Fla. Bar No. 57449